**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 30 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARTIN ANTHONY CICALLA, Jr., | No. 23-16014 |
| Plaintiff-Appellant, | D.C. No. 2:20-cv-01999-DAD-AC |
| v. | |
| DONNA G. ROGERS; ESTATE OF LEON ROGERS; PROJECT X IT PTY LTD., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted April 22, 2025[**]

Before:     GRABER, H.A. THOMAS, and JOHNSTONE, Circuit Judges.

Martin Anthony Cicalla, Jr. appeals pro se from the district court's judgment

dismissing his diversity action alleging breach of contract under California law.

We have jurisdiction under 28 U.S.C. § 1291.  We review for an abuse of

discretion a dismissal for failure to prosecute, *Al-Torki v. Kaempen*, 78 F.3d 1381,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1384 (9th Cir. 1996), and we affirm.

The district court did not abuse its discretion in dismissing Cicalla's action for failure to prosecute in light of the unduly protracted proceedings and Cicalla's failure to state a viable claim. *See id*. at 1384-85 (discussing factors to be considered before dismissing a case for failure to prosecute); *see also Oasis W. Realty, LLC v. Goldman*, 250 P.3d 1115, 1121 (Cal. 2011) (stating the elements of a breach of contract claim under California law, including the existence of the contract); *Bustamante v. Intuit, Inc.*, 45 Cal. Rptr. 3d 692, 698 (Ct. App. 2006) (explaining that "[c]ontract formation requires mutual consent, which cannot exist unless the parties 'agree upon the same thing in the same sense'" (quoting Cal. Civ. Code § 1580)).

The district court did not abuse its discretion in denying Cicalla's second motion for default judgment. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (providing the standard of review and setting forth factors that courts may consider in determining whether to enter default judgment, including the merits of plaintiff's substantive claim and the sufficiency of the complaint).

We reject as unsupported by the record Cicalla's contentions of judicial misconduct.

We do not consider arguments and allegations raised for the first time on

appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**